**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>Andy Fang,<br><br>    Debtor.<br><br>American Airlines Federal Credit Union,<br><br>    Objecting Party,<br><br>vs.<br><br>Andy Fang, Debtor, and Ronda J. Winnecour, Trustee;<br><br>    Respondents. | BANKRUPTCY CASE NO. 19-21620-GLT<br><br>CHAPTER 13<br><br>Related to Dkt. Nos: 17, 33, 41 and 42<br><br>Conciliation Conference: January 9, 2020 at 11:00 a.m. |

**MODIFIED ORDER AND STIPULATION FOR TREATMENT OF CLAIMS OF AMERICAN AIRLINES FEDERAL CREDIT UNION**

American Airlines Federal Credit Union ("Credit Union"), through its attorneys, Grenen & Birsic, P.C., and the Debtor Andy Fang ("Debtor"), through his attorney Matthew M. Herron, Esquire, hereby stipulate and agree as follows:

**PARTIES**

1. American Airlines Federal Credit Union (hereinafter "Credit Union") is a banking corporation with an office located at MD 2100, POB 619001, DFW Airport, TX 75621.

2. Andy Fang (hereinafter "Debtor") is an adult individual with residence located at 445 Broadway Street, Carnegie, PA 15106.

3. Ronda J. Winnecour is the duly appointed Chapter 13 Trustee and is currently acting in such capacity

## JURISDICTION

4. This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6. On or about August 23, 2016, the Debtor entered into a consumer credit card agreement with the Credit Union in the principal amount of $1,500.00 whereby the Debtor borrowed credit in the maximum amount of $1,500.00 pursuant to the terms of a certain Visa Platinum Secured Consumer Credit Card Agreement (hereinafter "Credit Card Agreement").

7. Section 10 of the terms of the Credit Card Agreement expressly and unambiguously provide under the subheading "Additional Security" the following: "**If you have other loans with us, now or in the future, collateral securing those loans may also secure your obligations under this Agreement. Please read any security agreement you sign in order to determine if the collateral also secures your obligations under this Agreement and other agreements you have with us**." (quoting with emphasis added)

8. Thereafter, the Debtor entered into another loan with the Credit Union.

9. On or about March 29, 2018, the Debtor borrowed the principal amount of $16,200.00 from the Credit Union to acquire and purchase a certain 2014 Toyota Prius motor vehicle at VIN No. JTDKN3DP9E3059654 ("Vehicle") pursuant to the terms of a certain purchase money Loan and Security Agreements and Disclosure Statement in the original principal amount of $16,200.00 dated March 29, 2018 ("Vehicle Loan Agreement").

10. Repayment of the purchase money Vehicle Loan Agreement was secured by the Vehicle.

11. In addition to the Vehicle Loan Agreement, the Vehicle also secures the repayment of the Credit Card Agreement.

12. Section 2 of the Vehicle Loan Agreement expressly and unambiguously provides that, "The security interest (herein the Vehicle) secures the Loan and any extensions, renewals or refinancing of the Loan. **The security interest also secures any other loans, including any credit card loan, you have now or receive in the future from us and any other amounts you owe us for any reason now or in the future**, except any loan secured by your dwelling." (quoting with emphasis added)

13. On April 22, 2019, the Debtor filed the present Chapter 13 case.

14. On or about May 20, 2019, the Debtor filed a proposed sixty (60) month Chapter 13 Plan dated May 20, 2019 (hereinafter "Plan").

15. On or about June 12, 2019, the Credit Union filed a secured Proof of Claim at Claim No. 7 in the total combined amount of $15,762.06 at the fixed rate of 13.74% arising from amounts due under both the Vehicle Loan Agreement and the Credit Card Agreement. Claims under both the Vehicle Loan Agreement and the Credit Card Agreement were joined and combined together into one Proof of Claim filing at Claim No. 7.

16. On July 2, 2019, the Credit Union also filed objections to the Plan on the basis that the Plan proposes to repay only the secured amount of $14,211.47 due under the Vehicle Loan Agreement, and completely fails to propose any repayment of the secured amount of $1,550.59 due under the Credit Card Agreement.

17. A Chapter 13 Plan conciliation conference was held on November 7, 2019 before Attorney Kate DeSimone representing the Chapter 13 Trustee's Office. Appearing in attendance on that date was counsel on behalf of the Debtor and counsel on behalf of the Credit Union.

18. The Debtor and Chapter 13 Trustee do not oppose the merit of the objections filed by the Credit Union, however for administrative and distribution purposes, the Chapter 13 Trustee's Office requires the Proof of Claim initially filed on June 12, 2019 be divided into two (2) separate claims filed with the Court, i.e. one amended proof of claim filed regarding the debt amount and interest due under the Vehicle Loan Agreement and a separate and new proof of claim regarding the debt amount and interest due under the Credit Card Agreement.

19. In resolution of the Credit Union's objections to the Plan, the Debtor and the Credit Union agrees, consent and stipulate as follows:

   a. Notwithstanding any expiration of proof of claim filing deadline, an amended Proof of Claim amending the Proof of Claim at Claim No. 7 filed on June 12, 2019 shall be filed by the Credit Union to pertain only to the debt amount and interest due under Vehicle Loan Agreement. Accordingly, as pertaining to the Vehicle Loan Agreement, an amended Proof of Claim (amending Claim No. 7) shall be filed by the Credit Union in the amount of $14,211.47 at an interest rate of 13.74%.

   b. Notwithstanding any expiration of proof of claim filing deadline, a separate Proof of Claim shall be filed by the Credit Union to pertain only to the debt amount and interest due under Credit Card Agreement. Accordingly, as pertaining to the Credit Card Agreement, a Proof of Claim shall be filed by the Credit Union in the amount of $1,550.59 at the *Till* rate of interest of 6.5%.

WHEREFORE, American Airlines Federal Credit Union and the Debtor respectfully requests that this Honorable Court approve the Stipulation for Treatment of Claims.

Respectfully submitted,

THE DEBT DOCTORS, LLC

By: /s/ Matthew Herron
Matthew Herron, Esquire
Pa.I.D. 88927
Counsel for Debtor

GRENEN & BIRSIC, P.C.

By: /s/ David W. Raphael
David W. Raphael, Esquire
Pa.I.D. 200598
Counsel for American Airlines Federal Credit Union

BY THE COURT:

The Honorable Gregory L. Taddonio
United States Bankruptcy Judge

DATED: December 13, 2019

Case Administrator to serve: Debtor, Counsel for Debtor, Trustee and David Raphael, Esq.

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                            Case No. 19-21620-GLT
Andy Fang                                                         Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: nsha              Page 1 of 1              Date Rcvd: Dec 13, 2019
                              Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 15, 2019.
db            +Andy Fang,   445 Broadway Street,   Carnegie, PA 15106-2640

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 15, 2019                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 13, 2019 at the address(es) listed below:
              David W. Raphael    on behalf of Creditor    American Airlines Federal Credit Union
               draphael@grenenbirsic.com, mcupec@grenenbirsic.com
              James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              Jeffrey R. Hunt    on behalf of Creditor    Borough of Carnegie jhunt@grblaw.com,
               cnoroski@grblaw.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Matthew M. Herron    on behalf of Debtor Andy  Fang mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               Equitablebankruptcy@peoples-gas.com;srk@sjwpgh.com
                                                                                             TOTAL: 8